IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CLAUDIA VEGA SOTO,<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>ESTELLA DERR, WARDEN<br><br>　　　　Respondent. | CIV. NO. 23-00180 JMS-RT<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241, ECF NO. 1, FOR FAILURE TO EXHAUST |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241, ECF NO. 1, FOR FAILURE TO EXHAUST**

**I.   INTRODUCTION**

Before the court is Petitioner Claudia Vega Soto's ("Vega Soto") "Petition for Writ of Habeas Corpus Pursuant to [28] U.S.C. Section 2241 Seeking an Order Directing the Bureau of Prisons ('BOP') to Apply My Pre-Release Custody (Home Confinement or Supervised Release) Per the First Step Act ('FSA') and BOP Program Statement 5410.01 Which Cites to the FSA."  ECF No. 1 ("§ 2241 Petition").  Respondent Estella Derr ("Derr"), the warden at the Honolulu Federal Detention Center ("FDC Honolulu"), argues that the § 2241 Petition should be dismissed because Vega Soto failed to exhaust her administrative remedies.  The court agrees with Derr, and thus DENIES the § 2241 Petition without prejudice to refiling after exhausting appropriate administrative remedies.

## II. BACKGROUND

On December 5, 2019, Vega Soto pled guilty pursuant to a plea agreement in the United States District Court for the Southern District of California. *See United States v. Vega Soto*, Crim. No. 19-04397-LAB-1 (S.D. Cal.), ECF Nos. 23, 25. On April 15, 2020, she was sentenced by that court to 70 months' imprisonment for (1) importation of methamphetamine and (2) importation of cocaine, both in violation of 21 U.S.C. §§ 952 and 960. *Id.*, ECF No. 40.

Vega Soto, now 34-years old, is located at FDC Honolulu with a projected release date of September 22, 2023. *See* https://www.bop.gov/inmateloc/ (entering BOP Register Number 89657-298) (last visited July 3, 2023). In her April 17, 2023 § 2241 Petition,[1] Vega Soto asserts that application of her FSA earned time credits renders her eligible for up to one year of home confinement under the FSA "from the date of September 22, 2023." ECF No. 1 at PageID.1. Vega Soto contends that on March 27, 2023, she was informed by an FDC Honolulu Unit Manager that due to an immigration detainer she is ineligible

---

[1] The Petition is deemed filed on the date Vega Soto gave it to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (explaining prison mailbox rule); *Douglas v. Noelle*, 567 F.3d 1103, 1108–09 (9th Cir. 2009). The Petition was signed on April 15, 2023. *See* ECF No. 1 at PageID.2. The court assumes that Vega Soto gave her Petition to prison officials for mailing on April 17, 2023, as indicated on the Petition's mailing envelope. *See* ECF No. 1-2 at PageID.5.

for home confinement or for placement in a residential reentry center ("RRC"). ECF No. 1-1 at PageID.4.  As a result, Vega Soto argues, the BOP "failed to process me for 'pre-release custody' which includes home confinement or supervised release."  ECF No. 1 at PageID.1.  She seeks a court order requiring the BOP to apply 12 months' earned time credits to her projected September 22, 2023 release date, resulting in immediate release.  *Id.* at PageID.2.  In a response filed on May 31, 2023, Derr asserts that Vega Soto has not exhausted her BOP administrative remedies.  ECF No. 5.  Vega Soto was given the option to file a Reply, but she failed to do so.  *See* ECF No. 4.  Pursuant to Local Rule 7.1(d), the court decides Vega Soto's § 2241 Petition without a hearing.

### III. DISCUSSION

Under the FSA, eligible inmates determined to have a low risk of recidivism may receive time credits for participating in "evidence-based recidivism reduction programming or productive activities."  *See* 18 U.S.C. §§ 3632(d)(4)(A), 3632(d)(5).  The Ninth Circuit explained how the First Step Act implemented the good time credit provision:

> First, paragraph 102(b)(1) amends § 3624(b)—the good time credit provision—to require the BOP to permit up to 54 days per year.  § 102(b), 132 Stat. at 5210.  Second, paragraph 102(b)(1) amends § 3624 by adding subsection (g), which is relevant to the Act's creation of an earned

> time credit system.[2] *Id*. at 5210–13.  The Act requires that, within 210 days of its enactment, the Attorney General establish a "risk and needs assessment system" to, broadly speaking, review each prisoner's recidivism risk level, award earned time credit as an incentive for participation in recidivism reduction programming, and "determine when a prisoner is ready to transfer into prerelease custody or supervised release in accordance with section 3624."  § 101(a), 132 Stat. at 5196–97.  Section 3624(g) details the criteria for when a prisoner becomes eligible, considering earned time credit, for transfer to prerelease custody or supervised release.  § 102(b), 132 Stat. at 5210–13.

*Bottinelli v. Salazar*, 929 F.3d 1196, 1197–98 (9th Cir. 2019).  Section 3632 also provides that certain prisoners are ineligible to receive time credits, such as those who are "subject to a final order of removal under any provision of the immigration laws," 18 U.S.C. § 3632(d)(4)(E)(i), and those who have been convicted of certain enumerated offenses, 18 U.S.C. § 3632(d)(4)(D) (listing 49 offenses).

"In order to seek habeas relief under section 2241 . . . a petitioner must first, 'as a prudential matter,' exhaust his or her available administrative remedies."  *Singh v. Napolitano*, 649 F.3d 899, 900 (9th Cir. 2010).  Requiring a petitioner to exhaust his or her administrative remedies aids judicial review "by allowing the appropriate development of a factual record in an expert forum;

---

[2] "In contrast to good time credit, earned time credit is awarded for 'successfully complet[ing] evidence-based recidivism reduction programming or productive activities.' § 101(a), 132 Stat. at 5198." *Bottinelli v. Salazar*, 929 F.3d 1196, 1197 n.1 (9th Cir. 2019).

conserve the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allow the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings." *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983).

The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement. *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990), *overruled on other grounds*, *Reno v. Koray,* 515 U.S. 50, 54-55 (1995). Thus, "because exhaustion is not required by statute, it is not jurisdictional." *Id*. (citations omitted). If a petitioner has not properly exhausted her claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust [her] administrative remedies before proceeding in court." *Id*.

Exhaustion may be excused if the administrative remedy is inadequate, ineffective, or if attempting to exhaust would be futile or would cause irreparable injury. *Laing v. Ashcroft*, 370 F.3d 994, 1000–01 (9th Cir. 2004); *see also Fraley v. United States Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993). Prudential considerations weighing in favor of requiring exhaustion include whether:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision, (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme, and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003) (citing *Montes v. Thornburgh*, 919 F.2d 531, 537 (9th Cir. 1990)).

The BOP maintains an Administrative Remedy Program through which a prisoner may seek an administrative remedy. The initial step is a request for informal resolution through "Form BP-8." 28 C.F.R. § 542.13(a); ECF No. 8-1 at PageID.89. When informal resolution procedures fail to achieve sufficient results, the BOP makes available to inmates a formal, three-level process: (1) a Request for Administrative Remedy ("Form BP-9") filed at the institution where the inmate is incarcerated, 28 C.F.R. § 542.14; (2) a Regional Administrative Remedy Appeal ("Form BP-10") filed at the Regional Office for the geographic region in which the inmate's institution is located, 28 C.F.R. § 542.15; and (3) a Central Office Administrative Remedy Appeal ("Form BP-11") filed with the Office of General Counsel. ECF No. 8-1 at PageID.89.

BOP records indicate that on February 24, 2021, while Vega Soto was at FDC Honolulu, BOP received one administrative remedy request for compassionate release, but Vega Soto has sought no administrative remedy relating

to the instant § 2241 Petition. *See* ECF No. 5-1 at PageID.21 (Robl Declaration ¶ 6); ECF No. 5-2 (Administrative Remedy retrieval report). Derr also explains that Vega Soto's release date of September 22, 2023, is an automatic early-release date that already reflects earned and applied FSA credits towards early transfer to supervised release, not immediate transfer to "prerelease custody," which consists of home confinement or placement at an RRC. ECF No. 1 at PageID.1; *see also* ECF No.5-1 at PageID.23–24 (Robl Declaration ¶¶ 11–12); ECF No. 5-3 (Sentence Monitoring Computation Data); ECF No. 5-4 (FSA Time Credit Assessment). Such prerelease custody, to which Vega Soto argues she is entitled, involves an application, review, and approval process—it is not an automatic placement upon release, as she erroneously presumes. ECF No. 5-1 at PageID.23–24 (Robl Declaration ¶¶ 11–12).

Furthermore, BOP records demonstrate that Vega Soto is eligible for home confinement six months prior to her projected release date, March 22, 2023. ECF No. 5-1 at PageID.24 (Robl Declaration ¶ 13); ECF No. 5-3 at PageID.29 ("Home Detention Eligibility Date"). But the BOP denied her request for placement. Accordingly, Vega Soto will remain at FDC Honolulu until her release date of September 22, 2023. ECF No. 5-1 at PageID.24 (Robl Declaration ¶ 13). To the extent Vega Soto seeks relief by way of the BOP applying FSA earned time credits, the BOP has already done so.

If, however, Vega Soto seeks further relief from this result, she must first properly exhaust administrative remedies. And concerns regarding exhaustion are particularly relevant to time credits under the First Step Act. The BOP, not the court, should be given the first opportunity to address Vega Soto's concerns. *See, e.g.*, *United States v. Bakhtiari*, 2022 WL 1289050, at *1 (N.D. Cal. Apr. 30, 2022) ("The issue hinges on his immigration status. This order cannot resolve that issue; the BOP must."); *Hanson v. Hendrix*, 2022 WL 4182535, at *2 (D. Or. Sept. 13, 2022) (stating that the exhaustion requirement is particularly well-suited to address issues involving eligibility for First Step Act time credits); *Mohammad v. Thompson*, 2022 WL 4484545, at *3 (E.D. Cal. Sept. 27, 2022) (stating that "these concerns are particularly relevant to the calculation of petitioner's earned time credits pursuant to the First Step Act"); *Herrera v. Jusino*, 2021 WL 6618908, at *4 (C.D. Cal. Dec. 14, 2021) (similar).

Vega Soto has neither exhausted administrative remedies nor shown, in the nearly two-and-a-half months remaining until her projected release date, that available remedies are inadequate, ineffective, or whether if attempting to exhaust would be futile or would cause irreparable injury. *Laing*, 370 F.3d at 1000–01; *see also Dejapa v. Derr*, 2023 WL 2758890, at *5 (D. Haw Apr. 3, 2023) (noting petitioner failed to exhaust administrative remedies because of the possibility that "the administrative remedies process could have been completed

before the date [petitioner] believes she is entitled to release," and at minimum, "she may have obtained some reasoning and discussion from BOP as to its view of her calculation of FSA Credits even if she was not able to complete the entire process before the date she believes she is entitled to release").

## IV.  CONCLUSION

For the foregoing reasons, Vega Soto's § 2241 Petition, ECF No. 1, is DENIED without prejudice to refiling after exhausting appropriate administrative remedies.  The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, July 3, 2023.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Soto v. Derr*, Civ. No. 23-00180 JMS-RT, Order Denying Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 1, for Failure to Exhaust